```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RYSHON WELLS,                   :
                                :
    Plaintiff,                  :
                                :
    v.                          :    CASE NO.  3:13cv1349(RNC)
                                :
SAMUEL STAFFORD, et al.,        :
                                :
    Defendants.                 :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, a Connecticut Department of Correction ("DOC") inmate proceeding pro se, filed this action against three DOC employees alleging retaliation, excessive force and violation of due process. Pending before the court is the plaintiff's motion to compel.[1] (Doc. #20.)  The motion is granted.

The plaintiff filed this motion to compel on May 1, 2014, complaining that the defendants failed to respond to interrogatories plaintiff had served in March. (Doc. #20.)  On May 22, 2014, defendants "object[ed] to the plaintiff's motion to compel as not necessary; the defendants have no objection to providing the plaintiff with the requested interrogatories." (Doc. #22.)  Defendants represented that they "will certify this discovery to the plaintiff by May 28, 2014."  On June 5, 2014, the plaintiff replied that he had received the interrogatory responses of the defendant Crawford, but that Stafford had not answered and Lepaoja's response was inadequate. (Doc. #23.)

---

[1] Judge Chatigny referred the motion to the undersigned.  (Doc. #21.)

The court heard argument on the motion by phone on June 25, 2014. Plaintiff said he is now satisfied with the responses of both Crawford and Stafford. The plaintiff continued to argue that defendant Lepaoja's interrogatory response[2] was incomplete and evasive. Upon review of the interrogatory and response, the court GRANTS the motion to compel an answer.

As a final matter, the defendants indicated they want to file a motion for summary judgment. The June 16, 2014 deadline[3] for filing such a motion has passed; the defendants concede they did not ask for more time. Defense counsel explained that he has not completed his papers. He planned to request an extension of the deadline and file the overdue motion simultaneously.

Deadlines are meant to be observed. <u>Before</u> a deadline has passed, if a party requests more time, the court may extend a deadline for good cause shown. Fed. R. Civ. P. 6(b)(1)(A); D. Conn. L. Civ. R. 7(b)2. "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u> When the time has expired, the court may extend the time when a party shows good cause for the extension and also establishes that the party failed to act because of excusable

---

[2] Only one interrogatory was directed at Lepaoja and for ease of reference, is described as interrogatory 1.

[3] See doc. #5.

neglect.  Fed. R. Civ. P. 6(b)(1)(B).  The plaintiff vigorously objects, pointing out that defendants failed to respond to discovery and ignored the court's deadlines.  He wants his case to be heard and said he will file an opposition to any request for more time.

    SO ORDERED at Hartford, Connecticut this 26th day of June, 2014.

                                            _____/s/_____
                                            Donna F. Martinez
                                            United States Magistrate Judge